# EXHIBIT 1

Electronically Filed
8/8/2025 3:06 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
SEAN P. COSLEY, ESQ.
Nevada Bar No. 16832
**THE702FIRM**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:    (702) 776-3333
Facsimile:    (702) 505-9787
E-Mail:    service@the702firm.com

*and*

ADAM S. KUTNER, ESQ.
Nevada Bar No.: 004310
**ADAM S. KUTNER & ASSOCIATES**
1137 S. Rancho Drive, Ste. 150A
Las Vegas, Nevada 89102
Telephone:    (702) 382-0000
Facsimile:    (702) 598-0001
*Attorneys for Plaintiffs*

CASE NO: A-25-925190-C
Department 31

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE ESTATE OF TINA FOWLER; SANDRA GARY, as Heir of TINA FOWLER, deceased; JOSE MARTINEZ, as Heir of TINA FOWLER, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., a foreign corporation, d/b/a WALMART #3350; DOE INDIVIDUALS I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiffs, THE ESTATE OF TINA FOWLER, SANDRA GARY, as Heir of TINA FOWLER, deceased, and JOSE MARTINEZ, as Heir of TINA FOWLER, deceased, by and through their attorneys of record, MICHAEL C. KANE, ESQ., BRADLEY J. MYERS, ESQ., JOEL S. HENGSTLER, ESQ., and SEAN P. COSLEY, ESQ., of THE702FIRM, and for their Complaint against the Defendants, states, asserts, and alleges as follows:

## JURISDICTIONAL STATEMENT

1. The Eighth Judicial District Court has jurisdiction of this civil tort action pursuant to NRCP 8(a)(4) and NRS 41.130 as the occurrence giving rise to this matter took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00. Venue is proper in the Eighth Judicial District Court, pursuant to NRS 13.040.

## GENERAL ALLEGATIONS

1. Plaintiff ESTATE OF TINA FOWLER is the estate of Decedent FOWLER ("Plaintiff ESTATE"). Upon all information and belief, TINA FOWLER ("Decedent FOWLER") passed away in Calcasieu County, Louisiana, on or about March 13, 2025.

2. Plaintiff SANDRA GARY ("MS. GARY") is and was, at all times relevant to these proceedings, a resident of Calcasieu County, Louisiana. MS. GARY, is and was, at all times relevant, the mother and heir of Tina Fowler ("Decedent Fowler").

3. Plaintiff JOSE MARTINEZ ("MR. MARTINEZ") is and was, at all times relevant to these proceedings, a resident of Calcasieu County, Louisiana. MR. MARTINEZ, is and was, at all times relevant, the husband and heir of Decedent Fowler.

4. Plaintiffs are currently in the process of obtaining letters of special administration for the ESTATE OF TINA FOWLER. Plaintiffs will ask leave of this Honorable Court to amend this Complaint to reflect their proper capacity as special administrators once such letters have been issued.

5. Defendant WALMART, INC., d/b/a WALMART #3350 ("WALMART"), is and, at all times relevant herein, was a foreign corporation authorized to, and conducting business in, Clark County, Nevada.

THE702FIRM
Injury Attorneys
8335 W. Flamingo Rd.
Las Vegas, NV 89147
Phone: (702) 776-3333

6. Defendants, DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, are persons and/or entities whose true identity is unknown to Plaintiff who therefore sues said Defendants by fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X were, at all times mentioned in this Complaint, persons and/or entities who managed, controlled, maintained, inspected and/or operated the floor area at issue in this Complaint. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

7. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged. The legal responsibility of said Defendant DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X arises out of, but is not limited to, their status as owners and/or their maintenance and/or entrustment and/or construction of the premises which Defendants, and each of them, were operating at the time of the subject injury, and/or their agency, master/servant or joint venture relationship with said Defendant. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

8. Defendants were agents, servants, employees, or joint ventures of every other Defendant herein and, at all times mentioned herein, were acting within the scope and course of said agency, employment, or joint venture with knowledge, permission and consent of all other named Defendants.

9. The facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada, on the premises of the WALMART, located at 5198 Boulder Hwy, Las Vegas, NV 89122, (hereinafter referred to as the "Premises"), which, upon information and belief, is owned, operated and/or maintained by Defendant WALMART.

3

10. On September 2, 2023, Decedent FOWLER was an invitee to Defendant WALMART's property, the Premises at issue, as a patron and/or customers of the business.

11. On September 2, 2023, Decedent FOWLER was walking down the aisles of WALMART. At the same time and place there was an unmarked puddle of water on the floor ("Dangerous Condition"). Decedent FOWLER did not see the water, and slipped and fell flat on her back. Due to the actions or failures to act on the part of Defendant WALMART's staff and personnel, Decedent FOWLER was injured.

12. As a result of said Dangerous Condition, Decedent FOWLER sustained serious injuries.

## FIRST CAUSE OF ACTION

### *Negligence - Premises Liability*

13. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein, and further alleges as follows:

14. On or about September 2, 2023, and for some time prior thereto, Defendants, and each of them, by and through their authorized agents, servants, and employees, acting within the course and scope of their employment, negligently and carelessly owned, maintained, operated, occupied, and controlled the property in that they failed to inspect, maintain, and warn of the Dangerous Condition in and about the property, thereby creating a dangerous and hazardous condition to guests and invitees of Defendant and more particularly to Decedent FOWLER; and thereafter Defendants, and each of them, permitted, allowed and caused said unsafe condition to be created and to remain even though Defendants knew or, through the exercise of ordinary care and diligence, should have known, that an unmarked puddle of water presented a Dangerous Condition; Defendants, and their agents, servants and/or employees, and each of the Defendants, failed to maintain, inspect, and repair the Dangerous Condition on said premises; and Defendants and their agents, servants and/or employees and each of the Defendants, negligently, carelessly and recklessly failed to inspect the Premises and correct said Dangerous Condition, or warn Decedent FOWLER of the dangerous and hazardous condition thereon.

...

THE702FIRM
Injury Attorneys
8335 W. Flamingo Rd.
Las Vegas, NV 89147
Phone: (702) 776-3333

15. Specifically, Defendants knew, or should have known through use of due care and regular inspection, of the Dangerous Condition created by an overly slippery bowling lane without any warning signs.

16. The Defendants, and each of them, breached their duty to Decedent FOWLER by creating or allowing a Dangerous Condition to be created, by not repairing, remediating or removing the Dangerous Condition from floor area, by not providing warning of such a known condition, and by failing to alert its patrons and invitees, including and particularly Decedent FOWLER herein, of this dangerous condition, and otherwise exercise reasonable care for their protection.

17. Furthermore, employers, masters, and principals are vicariously liable for the torts committed by their employees, servants, and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of their employment.

18. Accordingly, pursuant to N.R.S. 41.130, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to maintain the premises and equipment. N.R.S. 41.130 states as follows:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

19. The Defendants were the employers, masters, and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to inspect, maintain, and warn of dangerous conditions in and about the floor areas, and those other areas open to the public, on the Premises.

20. As a result of the premises, and a direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff suffered severe injuries and has sustained damages in excess of $15,000.00.

THE702FIRM
Injury Attorneys
8335 W. Flamingo Rd.
Las Vegas, NV 89147
Phone: (702) 776-3333

5

21. As a result of the premises, and a further direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff incurred expenses for medical care and treatment in an amount in excess of $15,000.00 and will incur expenses for medical care and treatment in the future in an amount to be proven at trial.

22. As a result of the premises, and a further direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff has suffered a loss of past and future household services.

23. Plaintiff has been forced to retain the services of an attorney to represent his in this action, and as such is entitled to reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION

### *Negligent Hiring, Training, Retention, and Supervision*

24. Plaintiffs incorporate by this reference each and every allegation previously made in this Complaint, as if fully set forth herein, and further alleges as follows:

25. Defendants, and each of them, had a duty to properly and adequately hire, train, retain, and supervise personnel under their control so as to avoid unreasonable risk of harm to the general public, invitees, patrons, and business invitees of Defendant, specifically maintenance personnel.

26. Defendants, and each of them, were responsible for the hiring, training, retaining, supervision, and control of employee(s), including Defendants Does and Roes, and as a direct and proximate result of aforementioned Defendants' negligence in hiring, training, supervising, and controlling employee(s), including Defendants Does and Roes, Decedent FOWLER suffered injuries and damages as herein alleged.

27. As a direct and proximate result of the actions of Defendants, and each of their failure to exercise reasonable care in the hiring, training, retention, and supervision of employee(s), including Defendants Does and Roes, Decedent FOWLER suffered the damages and injuries as alleged herein an amount in excess of $15,000.00.

28. Plaintiff has been forced to retain the services of an attorney to represent his in this action, and as such is entitled to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment of this Court as follows:

1. General damages for Plaintiffs' pain, suffering, disfigurement, emotional distress, shock, loss of enjoyment of life, and agony in an amount in excess of $15,000.00.

2. Special damages for Plaintiffs' medical expenses, property damage, loss of use of his vehicle, and lost wages in an amount in excess of $15,000.00;

3. Compensatory damages in an amount in excess of $15,000.00;

4. Costs of suit, reasonable attorney fees, interest incurred herein; and

5. For such other and further relief as is just and proper.

DATED this 8th day of August, 2025.

THE702FIRM

*/s/ Joel S. Hengstler*
MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
SEAN P. COSLEY, ESQ.
Nevada Bar No. 16832
8335 West Flamingo Road
Las Vegas, Nevada 89147
*Attorneys for Plaintiffs*